Argued and submitted December 22, 2015, reversed and remanded
January 27, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LEVI WILLIAM MULLENS,
*Defendant-Appellant.*

Coos County Circuit Court
13CR1124; A156937

366 P3d 798


Shawn Evans Wiley, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Jeremy Macrigeanis, Deputy Public Defender, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant entered a conditional guilty plea to one count of unlawful possession of methamphetamine, ORS 475.894; one count of unlawful possession of oxycodone, ORS 475.834; and one count of unlawful possession of hydrocodone, ORS 475.814, reserving his right to appeal the trial court's denial of his motion to suppress evidence. In support of his motion, defendant argued that the police officer unlawfully extended the detention of defendant once he began to make drug-related inquiries without having reasonable suspicion that defendant possessed drugs. The trial court denied defendant's motion, reasoning that the officer "didn't extend the stop in any way that was invalid."

On appeal, defendant reprises his argument from below, specifically, that the officer unlawfully extended the duration of the stop, in violation of Article I, section 9, of the Oregon Constitution, when he shifted from investigative actions related to the traffic stop (and the subsequent lawful search for a firearm) to questioning defendant about drugs, without reasonable suspicion to do so, and that the officer exploited that unlawful seizure to obtain the disputed evidence.

In response, the state does not attempt to defend the trial court's ruling that the officer did not unlawfully extend the detention of defendant, acknowledging that case law is to the contrary. That is correct. *See, e.g., State v. Dennis,* 250 Or App 732, 737-38, 282 P3d 955 (2012) (officer unlawfully extends a traffic stop if the officer ceases to process the citation and instead, without justification, begins making inquiries unrelated to the traffic stop); *State v. Klein,* 234 Or App 523, 531-32, 228 P3d 714 (2010) (holding that an officer unnecessarily delayed processing a traffic citation and, at the same time, an investigation based on observation of what the officer suspected were burglary tools, when, without reasonable suspicion, the officer began asking about drugs). Instead, on appeal, the state argues that defendant's "independent and voluntary evidence-producing act"—that is, opening the glasses case where the drugs were found— "attenuated the evidence from the police illegality, such that the exclusionary rule was not triggered." In other words,

the state argues that the discovery of the drugs was not the result of the officer's exploitation of the prior illegality. *See State v. Unger*, 356 Or 59, 84, 333 P3d 1009 (2014) (when a defendant has established that an unlawful stop preceded a consensual search, the state bears the burden of demonstrating that the defendant's voluntary consent was not a product of the unlawful seizure). However, as we have previously held, *see, e.g., State v. Booth*, 272 Or App 192, 355 P3d 181 (2015), we will not consider the state's lack-of-exploitation argument as an alternative basis for affirmance where that argument was not made below and the record may have developed differently had it been raised. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (setting out prerequisites for affirming—as a matter of discretion—ruling of a lower court under "right for the wrong reason" principle). Accordingly, we conclude that the trial court erred in denying defendant's suppression motion.

Reversed and remanded.